MANN, Chief Judge
(concurring).
The appellant has not caused error clearly to appear. For this reason I concur in affirmance. At the final hearing the appellant clearly indicated consent that an insurance policy, which would seem at that point to be the only one in question, should be the wife’s property because she paid the premiums consistently. Certainly she has an insurable interest, and Judge McNulty’s view that an immediate transfer of the property rights in this policy constitutes a gift to take effect after death ignores the nature of life insurance. It has present values and whatever policy or policies these people were talking about were properly awarded the wife. True, the final judgment enumerates four policies, theretofore unidentified, and if the record is faulty, an appellate court is no place to clean it up. Within a year a motion may be filed in the trial court under F.R.C.P. 1.540, 31 F.S.A., if there has been a cor-rectible mistake. We are right in affirming on the present record, however.